# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MICHAEL LYNN CASH,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. CIV 14-245-JHP-SPS |
| **GAYLAND MURPHY, et al.,** | ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

On June 20, 2014, plaintiff, an inmate at the Coleman Federal Correctional Complex in Coleman, Florida, filed this civil rights action against Defendants Gayland Murphy, Tammy Brown, and Misty Wallace, all of whom were employees at the Okmulgee County Jail during plaintiff's incarceration at that facility. (Dkt. 1). Plaintiff also named Okmulgee County as a defendant. *Id*.

On June 17, 2015, the court entered a scheduling order that included (1) a July 17, 2015, deadline for joinder of additional parties or amendments to the pleadings, and (2) a discovery deadline of October 17, 2015. (Dkt. 34). On October 5, 2015, plaintiff filed a "request to correct deficiencies & request to extend discovery deadline," alleging he had discovered that Defendant Okmulgee County is not a proper party to this action, and asking to amend his complaint to substitute the Okmulgee County Criminal Justice Authority ("OCCJA") and to extend discovery deadlines with respect to this substituted party. (Dkt. 38).[1] The defendants have filed an objection to the motion, alleging plaintiff's motion to amend is untimely, and he has failed to show good cause why he should be allowed to amend his pleadings as requested. (Dkt. 42). Plaintiff did not file a reply.

The Federal Rules of Civil Procedure provide that leave to amend shall be given freely

---

[1] Plaintiff is advised that all future motions must comply with Local Civil Rule 7.1(c), which requires that each request for relief be made in a separate motion.

"when justice so requires." Fed. R. Civ. P. 15(a)(2). "This leave to amend, however, is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666-67 (5th Cir. 1981)). "Refusing leave to amend is generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendment previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "It is well settled in [the Tenth Circuit] that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (citations omitted).

The record shows that on October 3, 2014--more than a year before plaintiff filed his motion to amend--the defendants filed their answer, alleging among other things that Okmulgee County, Oklahoma, was not a proper party. (Dkt. 20 at 2, 9). Furthermore, Defendant Okmulgee County's August 27, 2015, response to plaintiff's first request for admissions again advised plaintiff that it was not a proper party. (Dkt. 45-3 at 2).

After careful review, the court finds plaintiff has failed to show good cause why he should be permitted to substitute the OCCJA for Defendant Okmulgee County, Oklahoma. He clearly was on notice for more than a year that Okmulgee County was not a proper party, and he has offered no explanation for his failure to request a substitution of parties in accordance with the scheduling order. Therefore, plaintiff's motion to substitute the Okmulgee County Criminal Justice Authority and to extend the discovery deadline for the OCCJA (Dkt. 38) is DENIED.

Plaintiff also has requested the court to order depositions of the defendants and of Mr. Martin, the former director of the OCCJA. (Dkt. 39). Plaintiff may conduct depositions by remote means and in accordance with Rule 30 of the Federal Rules of Civil Procedure, this court's Local Civil Rules, and the regulations and procedures of plaintiff's facility. Mr.

Martin is not a party to this case, so plaintiff must notice him in accordance with the Federal Rules of Civil Procedure. Plaintiff is responsible for making arrangements with his facility and for paying the costs associated with setting up the location for depositions, including any long distance telephone charges, swearing in the witnesses by an authorized officer, and recording the depositions. In the alternative, plaintiff may conduct depositions by way of written questions, pursuant to Rule 31 of the Federal Rules of Civil Procedure.

**ACCORDINGLY,** plaintiff's motion to substitute the Okmulgee County Criminal Justice Authority for Defendant Okmulgee County and to extend the discovery deadline (Dkt. 38) is DENIED, and his motion for court-ordered depositions (Dkt. 39) is GRANTED in accordance with the provisions set forth above.

**IT IS SO ORDERED** this 21st day of December 2015.

James H. Payne
United States District Judge
Eastern District of Oklahoma